ANN AUGUSTA THOMAS v. L. A. MERRIFIELD AND
W. A. WILLIS, *Partners*.

**No. 339.**

AGENCY— *Commission on Sale of Real Estate—Evidence Insuf-
ficient.* The evidence examined. *Held*, That the employment
between the parties on which defendants in error base their right
to relief is not shown; and further *held*, that the plaintiff in
error did not knowingly accept the fruits of their labor.

Error from Lyon district court; W. A. RANDOLPH,
judge. Opinion filed July 13, 1898. Reversed.

*Charles B. Graves,* for plaintiff in error.

*E. N. Evans,* for defendants in error.

The opinion of the court was delivered by

SCHOONOVER, J.: Merrifield & Willis, real-estate
agents, commenced an action against the plaintiff in
error, alleging in their petition, in substance, that it
was agreed by and between plaintiffs and defendant
that if plaintiffs should procure a good cash purchaser
for defendant to buy from her, at a good cash price,
the east half of the west half of section 24, town-
ship 19 of range 11, in Lyon county, Kansas, then
owned by defendant, then and in such case the de-
fendant was to pay, and agreed to pay, plaintiffs a
commission of three per cent. upon such purchase
price; and that they did procure a good cash pur-
chaser for the land, did sell the same for a good cash
price, and did cause the sale to be made as agreed,
and to the satisfaction of the defendant, for the cash
price of $6400.

The plaintiff in error answered by general denial.
The cause was submitted to the court, a jury being

waived, and judgment rendered in favor of the plaintiffs below, Merrifield & Willis, for $192 and interest.

The defendant below brings the case here for review, and alleges that the court erred in rendering judgment against the plaintiff in error; that the evidence does not show that the relation of employer and employee existed between the parties; and that the court erred in not granting to plaintiff in error a new trial.

There is no complaint that the judgment is against the weight of the evidence. The contention is that there is absolutely no evidence to base the judgment upon; that there is no evidence upon which to base a finding that the defendants in error ever performed any of the services sued for under any employment with the plaintiff in error, or that she ever knowingly accepted of any such services voluntarily rendered.

At the beginning of the transaction — January, 1894 — resulting in this suit, the defendants in error addressed to plaintiff in error the following letter:

"Emporia, Kan., January 20, 1894.
"*Mrs. A. A. Thomas, 17 West 57th Street, New York City:*

"Madam—We are informed by Mr. J. D. Porter that you are the present owner of the farm near here formerly owned by him; also that the farm is for sale. We have a party looking for about such a place as yours, who will pay the cash if it can be bought right. With this end in view, we take the liberty of addressing you to ask you to name a price, if farm is for sale, and in naming price to allow us a commission of three per cent. if sale is made."

To this letter the defendants in error received the following reply:

"Gentlemen—I paid $10,000 for the Emporia farm in 1886 or 1887. Since Mr. Porter left Emporia the farm has been for sale, as it was purchased for him. Will be glad to consider any good cash offer you may make."

Thomas v. Merrifield.

In Feburary, 1894, the defendants in error, again addressed a letter to plaintiff in error, submitting an offer of $5000 for the land. No reply to this letter was made. In March, 1894, through their agent, Mr. Taber, in the city of New York, they submitted to plaintiff in error an offer of $6400, less their commission. To this offer reply was made by letter and addressed to Mr. Taber that "the lowest cash price for the Emporia farm is $8000."

Wells Bros., real-estate agents, of Emporia, were and had been the regular agents of plaintiff in error since 1891. In April, 1894, a few days after the offer of defendants in error, they submitted to plaintiff in error an offer of $6400, less their usual commission, which was accepted.

It may be stated that the plaintiff in error did not know the name of the purchaser until deed a was executed, and that she notified William C. Taber, representing defendants in error, at the time he submitted to her the offer of $6400, that Wells Bros. were her agents, looking after the property for her.

The correspondence set forth in this opinion, together with the subsequent acts of the parties, is not sufficient to sustain a finding of agency or employment, as contended by defendant in error, or that the plaintiff in error knowingly accepted the fruits of their labor.

The judgment of the district court is reversed.